UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MANTECA TRAILER AND CAMPER, INC., a California Corporation, dba RV'S OF SACRAMENTO and BRAWLEY'S RV,

      Plaintiff,

  v.

ROADTREK MOTORHOMES, INC., a Foreign Corporation; MICHAEL WOODS, an Individual; and DOES 1-20, inclusive,

      Defendants.
_____/

NO. CIV. 2:08-01914 WBS EFB

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

      Plaintiff Manteca Trailer and Camper, Inc., dba RV's of Sacramento and Brawley's RV, brought this action in state court against defendants Roadtrek Motorhomes, Inc. ("Roadtrek") and Michael Woods based on disputes arising from plaintiff's sale of Roadtrek's recreational vehicles.  Defendants removed the action to federal court and now move to dismiss plaintiff's Complaint

1

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.   Factual and Procedural Background

Plaintiff operates two recreational vehicle dealerships in Northern California, RV's of Sacramento and Brawley's RV.  In 2001, plaintiff first executed franchise dealership agreements with Roadtrek, giving it the exclusive right and obligation to sell Roadtrek vehicles within its dealerships' territories.  (Compl. ¶¶ 4, 6.)  On October 5, 2006, the parties renewed the agreements for a second time and executed the contracts at issue in this case ("Dealer Agreements").  (Id. at ¶¶ 6-7, Exs. C-D.)[1]

At all times relevant to this action, Woods was an independent contractor for Roadtrek and served as the Western Territory Regional Sales Manager for Roadtrek and primary sales liaison between Roadtrek and plaintiff.  (Id. at ¶ 3, Ex. A at 7.)  To fulfill his responsibilities, he allegedly served as a general agent for Roadtrek and a special agent for plaintiff's dealerships.  (Id. at ¶¶ 3, 19-21.)  Roadtrek and plaintiff also allegedly agreed that Woods "would be responsible for ordering all [Roadtrek] product-line make on behalf of" plaintiff.  (Id. at ¶ 16.)  In doing so, however, Woods allegedly "demonstrated a pattern of misunderstanding regarding the relevant financial and business circumstances of [plaintiff's] dealerships."  (Id.)  Based in part on these misunderstandings, Woods, Roadtrek's

---

[1]   In the body of its Complaint, plaintiff incorrectly identifies the exhibit letters of its exhibits.  The court will cite to the exhibits according to the exhibit letters actually used, not the letters indicated in the body of plaintiff's Complaint.

2

Director of Sales, Paul Cassidy, and Roadtrek's General Manager, Jim Hammill, failed to order the "optimal number of high-selling [Roadtrek] units" for plaintiff, understand plaintiff's available credit, and provide plaintiff with sales leads. (Id.)

In November 2006, Woods attended an RV trade show and allegedly approached two competing RV dealers in plaintiff's territories about the possibility of replacing plaintiff as the exclusive Roadtrek dealers. (Id. at ¶ 24.) Woods also recommended, to Cassidy and Hammill, that Roadtrek terminate its Dealer Agreements with plaintiff. (Id. at ¶ 16.)

On December 21, 2006, Roadtrek sent plaintiff written notices of its intent to cancel the Dealer Agreements sixty days from the date of the notices. (Id. Ex. B.) In the notices, Roadtrek explained that it had "good cause" to cancel the Dealer Agreements because plaintiff 1) had low closing percentages; 2) was not repaying, via sales, Roadtrek's marketing expenses; 3) could not adequately stock Roadtrek's product because of cuts in plaintiff's available credit; 4) had cancelled orders due to its reduced credit; and 5) had "slow floor plan financing," which required Roadtrek to delay shipments. (Id.)

Pursuant to California Vehicle Code section 3060, plaintiff filed protests against the termination of its Dealer Agreements with the California New Motor Vehicle Board ("Board"). (Id. at ¶ 9.) The Board consolidated plaintiff's protests and an administrative law judge held a hearing on the matter. On December 13, 2007, the Board adopted the administrative law judge's thirty-one page Proposed Decision, which found that Roadtrek did not demonstrate "good cause" to terminate

3

plaintiff's Dealer Agreements ("Board Decision").  (<u>Id.</u> at ¶ 10, Ex. A.)  Roadtrek did not appeal the Board Decision and the Dealer Agreements remained in effect until October 5, 2008.  (<u>Id.</u> at ¶ 10, Exs. C-D at § 107.)

On June 6, 2008, plaintiff initiated this action in state court, alleging claims for 1) unfair competition, Cal. Bus. & Prof. Code §§ 17200-17210; 2) breach of the implied covenant of good faith and fair dealing; 3) breach of contract; 4) negligent misrepresentation; and 5) negligent interference with prospective economic advantage.  After removing the action to this court based on diversity jurisdiction, 28 U.S.C. § 1332, Roadtrek filed a counterclaim against plaintiff for breach of contract.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants now move to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted.

II. <u>Discussion</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

4

1       Although a court generally may not consider materials outside the complaint when ruling on a motion to dismiss, it may consider materials that are "properly submitted as part of the complaint." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Plaintiff has attached the Board Decision, Roadtrek's notices of intent to terminate the Dealer Agreements, and the Dealer Agreements to its Complaint. The court, therefore, will consider those documents when deciding defendants' motion to dismiss.

   A.   Unfair Competition

       As relevant to this case, California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair, or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. "Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices[ and] 'a practice may be deemed unfair even if not specifically proscribed by some other law.'" Korea Supply Co. v. Lockhead Martin Corp., 29 Cal. 4th 1134, 1143 (2003) (citation omitted). In its Complaint, plaintiff alleges that certain acts or practices of defendants constituted "unfair" conduct under the UCL.[2]

       Although "[t]he term unfair is not precisely defined in the statute, and the courts have struggled to come up with a workable definition," courts have considered an act or practice

---

[2] In its Memorandum in Opposition to Defendants' Motion to Dismiss, plaintiff asserts that its UCL claim is also based on Roadtrek's violation of California Vehicle Code section 11713.3(a). Plaintiff does not, however, allege any such violation in its Complaint.

unfair if it is "'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" Gregory v. Albertson's, Inc., 104 Cal. App. 4th 845, 850 (2002) (citation omitted). In determining whether conduct violates section 17200, courts have also "'weigh[ed] the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" Id. (citation omitted).[3]

As the standard reveals, whether particular conduct is "unfair" under the UCL is a question of fact that can never be determined on a motion to dismiss.[4] See McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1473 (2006) ("[T]he determination whether [defendant's practice] is unfair is one of fact which requires a review of the evidence from both parties[,] [] thus cannot usually be made on demurrer.") (citations omitted); Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000) ("'While [determining whether an act or practice is unfair] is complicated enough after a hearing in which the defendant has revealed the factors determining the utility of his conduct, it

---

[3] In Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone, 20 Cal. 4th 163, 185 (1999), the California Supreme Court rejected the appellate court's traditional test to determine whether an act or practice is "unfair," but limited its holding to anticompetive UCL claims. Id. at 185-87, 187 n.2; see also Puentes v. Wells Fargo Home Mortgage, Inc., 160 Cal. App. 4th 638, 646 (4th Dist. 2008) (discussing the different approaches state appellate courts have taken after Cel-Tech). To resolve defendants' motion to dismiss, the court need not determine the precise standard that governs plaintiff's UCL claim and therefore declines to do so at this time.

[4] At oral argument, counsel for both sides expressed the expectation that plaintiff's UCL claim would ultimately be decided by a jury. But see, e.g., Hodge v. Superior Court, 145 Cal. App. 4th 278, 284 (holding that there is no right to a jury trial for a section 17200 cause of action).

is really quite impossible if only the plaintiff has been heard from, as is the case when it is sought to decide the issue of unfairness [under the UCL] on demurrer.'") (citation omitted) (second alteration in original); People v. McKale, 25 Cal. 3d 626, 635 (1979) ("What constitutes 'unfair competition' or 'unfair or fraudulent business practice' under any given set of circumstances is a question of fact.").

Accordingly, because plaintiff sufficiently alleges that defendants engaged in unfair acts or practices and the court cannot resolve the resulting questions of fact at this stage, the court will deny defendants' motion to dismiss plaintiff's section 17200 claim.

B. <u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

In addition to the obligations expressly agreed to in a contract, "[i]n every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." Brown v. Superior Court, 34 Cal. 2d 559, 564 (1949). Plaintiff alleges that Roadtrek engaged in conduct that injured plaintiff's right to "receive the benefits of" the Dealer Agreements. Id. For example, plaintiff alleges that defendants approached plaintiff's competitors about replacing plaintiff as the exclusive Roadtrek dealers in plaintiff's territories, which is the very contractual right plaintiff bargained for in the Dealer Agreements. Accordingly, because it is plausible that at least some of the conduct plaintiff alleges gives rise to a legally cognizable claim for breach of the implied covenant of

7

good faith and fair dealing, the court must deny defendants' motion to dismiss that claim against Roadtrek.

Woods, however, was not a party to the Dealer Agreements and plaintiff has not alleged that it executed a separate agreement with him. Therefore, because it is not alleged that Woods was in a contractual relationship with plaintiff, the court must dismiss plaintiff's breach of the implied covenant of good faith and fair dealing claim against him. See Racine & Laramie, Ltd. v. Dep't of Parks & Rec., 11 Cal. App. 4th 1026, 1032 (1992) ("There is no obligation to deal fairly or in good faith absent an existing contract."); cf. Grant v. Weatherholt, 123 Cal. App. 2d 34, 44 (1954) ("Neither would the [defendants] have been liable for breach of contract unless they were parties to it . . . .").

    C.    <u>Breach of Contract Claim</u>

In its claim for breach of contract, plaintiff alleges that Woods failed to "meet his contractual duty" to "order an optimal number of high-selling" Roadtrek units. (Compl. ¶ 32.) Plaintiff does not, however, give defendants notice as to the source of this contractual duty, and the Dealer Agreements themselves are silent with respect to who was responsible for ordering Roadtrek units. Although plaintiff alleges in paragraph 16 that "it was agreed by the [plaintiff] and Roadtrek that Mr. Woods would be responsible for ordering all Roadtrek product-line make on behalf of the dealerships," plaintiff does not allege whether this "agreement" merely modified the Dealer Agreements or resulted in a separate contract. (<u>Id.</u> at ¶ 16.) Assuming it was the later, plaintiff fails to identify whether the contract was

8

written or oral.  See Moya v. Northrup, 10 Cal. App. 3d 276, 281 (1970) ("It is clear that the pleader must specify whether the contract is written or oral when his cause of action rests on an express contract.") (citations omitted).  Accordingly, because plaintiff fails to sufficiently allege the existence of a contract giving rise to the duties defendants allegedly breached, the court will dismiss plaintiff's breach of contract claim.

        C.    Negligent Misrepresentation

A claim for negligent misrepresentation has four elements: "(1) a false statement of a material fact that the defendant honestly believes to be true, but made without reasonable grounds for such belief, (2) made with the intent to induce reliance, (3) reasonable reliance on the statement, and (4) damages." Century Sur. Co. v. Crosby Ins. Inc., 124 Cal. App. 4th 116, 129 (2005).

Although the Ninth Circuit has yet to address the issue in a published decision, "[m]ost district courts within the Ninth Circuit have held[ ] that a negligent-misrepresentation claim is subject to the heightened pleading requirements" of Federal Rule of Civil Procedure 9(b).  Deitz v. Comcast Corp., No. 06-06352, 2006 WL 3782902, at *6 (N.D. Cal. Dec. 21, 2006) (citations omitted); accord Meridian Project Sys., Inc. v. Hardin Constr. Co., 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement.") (citations omitted).

To satisfy Rule 9(b), a plaintiff must allege "the 'time, place, and specific content of the false representations

as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.") (citation omitted) (alteration in original).

In its Complaint, plaintiff alleges that defendants falsely informed plaintiff that it was "being provided with the optimal number" of the "popular" Roadtrek models.  (Compl. ¶ 39.) This brief allegation fails to satisfy Rule 9(b)'s heightened pleading requirements.  For example, the statement at issue involves individuals acting on behalf of corporations and spans the course of almost two years; as currently pled, the court cannot determine the individuals who made or received the representation or when it was made.[5]  Accordingly, because plaintiff fails to meet the heightened pleading standard of Rule 9(b) with respect to its negligent misrepresentation claim, the court will grant defendants' motion to dismiss that claim.

---

[5] Plaintiff also appears to base its negligent misrepresentation claim on statements Woods allegedly made to its co-defendant, Roadtrek.  While the California Supreme Court has extended the tort of negligent misrepresentation to claims based on misrepresentations made to a third party that the plaintiff neither knew about nor relied on, it expressly limited its holding to cases in which the plaintiff suffered a physical injury as a result of the third party's reliance on the misrepresentation.  Randi W. v. Muroc Joint Unified Sch. Dist., 14 Cal. 4th 1066, 1075-76, 1085 (1997); see also Gawara v. U.S. Brass Corp., 63 Cal. App. 4th 1341, 1355 (1998) (explaining that "it is clear in Randi W." that a plaintiff who suffered only economic losses must prove that it relied on the negligent misrepresentation defendant made to a third party).

1    D.   <u>Negligent Interference with Prospective Economic</u>
2         <u>Advantage</u>
3         In California, the tort of negligent interference with
4 prospective economic advantage requires a plaintiff to show:

> (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship.

<u>Venhaus v. Shultz</u>, 155 Cal. App. 4th 1072, 1078 (2007). With respect to the first element, a plaintiff "must allege the existence of an economic relationship with some third party that contains the probability of future economic benefit to the plaintiff." <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1164 (2003); <u>see also</u> <u>In re Super Premium Ice Cream Distrib. Antitrust Litig.</u>, 691 F. Supp. 1262, 1270 (N.D. Cal. 1988) ("[Plaintiff's] general argument of possible inference with *potential* distributors, retail customers or franchisees is not legally sufficient[ because s]uch general expectations do not constitute economic relationships sufficient for protection.").

In its Complaint, plaintiff pleads only that it "enjoy[s] an economic relationship with recreational vehicle buyers located within their primary sales area." (Compl. ¶ 43.) Plaintiff does not allege--or plead facts giving rise to the inference--that plaintiff had a "probable future economic

benefit" with a particular "recreational vehicle buyer[]" in one of its territories. Accordingly, because plaintiff's general allegations are legally insufficient to allege a claim for negligent interference with prospective economic advantage, the court must dismiss that claim.

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiff's Complaint be, and the same hereby is, DENIED with respect to plaintiff's unfair competition claim against both defendants and breach of the implied covenant of good faith and fair dealing claim against Roadtrek;

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's Complaint be, and the same hereby is, GRANTED with respect to plaintiff's breach of the implied covenant of good faith and fair dealing claim against Woods, breach of contract claim against both defendants, negligent misrepresentation claim against both defendants, and negligent interference with prospective economic advantage claim against both defendants.

Plaintiff has thirty days from the date of this Order to file an amended complaint consistent with this Order.

DATED: October 24, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE