UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MANTECA TRAILER AND CAMPER, INC., a California Corporation, dba RV'S OF SACRAMENTO and BRAWLEY'S RV,<br><br>       Plaintiff,<br><br>   v.<br><br>ROADTREK MOTORHOMES, INC., a Foreign Corporation; MICHAEL WOODS, an Individual; and DOES 1-20, inclusive,<br><br>       Defendants.<br>_____/ | NO. CIV. 08-01914 WBS EFB<br><br><u>ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiff Manteca Trailer and Camper Inc., dba RV's of Sacramento and Brawley's RV, brought this action in state court against defendants Roadtrek Motorhomes Inc. ("Roadtrek") and Michael Woods based on disputes arising from the sale of Roadtrek recreational vehicles at plaintiff's dealerships. Defendants subsequently removed the action to federal court and moved to dismiss the Complaint. After the court granted-in-part and

1

denied-in-part defendants' motion to dismiss, plaintiff filed its First Amended Complaint ("FAC").  Defendants now move to dismiss the fourth claim of the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's fourth claim alleges that defendants violated California Vehicle Code section 11713.3(a), which provides,

> It is unlawful and a violation of this code for any manufacturer, manufacturer branch, distributor, or distributor branch licensed under this code to do any of the following:
>
> (a) To refuse or fail to deliver in reasonable quantities and within a reasonable time after receipt of an order from a dealer having a franchise for the retail sale of any new vehicle sold or distributed by the manufacturer or distributor, any new vehicle or parts or accessories to new vehicles as are covered by the franchise, if the vehicle, parts, or accessories are publicly advertised as being available for delivery or actually being delivered. . . .

To support its claim, plaintiff alleges that Mr. Woods, Roadtrek's Western Territory Regional Sales Manager, also functioned as plaintiff's "special agent" with "limited ordering/purchasing powers." (FAC ¶¶ 3, 55.)  In this capacity, Mr. Woods allegedly "work[ed] 60% for Roadtrek and 40% for the dealer." (Id. ¶ 19.)  Plaintiff further alleges that Mr. Woods "failed to order popular models" of recreational vehicles from Roadtrek, which caused plaintiff to lose sales.  (Id. ¶ 58.)

Under section 11713.3(a), liability is predicated upon a manufacturer's failure to act "after receipt of an order from a dealer."  However, aside from an oral contract under which Mr. Woods was to "mak[e] sure that [plaintiff's dealerships] were

2

1 properly stocked" (id. ¶ 34), the FAC does not allege that either
2 Mr. Woods or Roadtrek received from plaintiff or its agents any
3 communication, request, or "order" for specific vehicles, parts,
4 or accessories with which they failed to comply.  Accordingly,
5 since the FAC does not allege conduct that is prohibited by
6 section 11713.3(a), the court must grant defendants' motion to
7 dismiss the fourth claim of the FAC.
8            IT IS THEREFORE ORDERED that defendants' motion to
9 dismiss the fourth claim the FAC be, and the same hereby is,
10 GRANTED.
11           Plaintiff has thirty (30) days from the date of this
12 Order to file a second amended complaint, if it can do so
13 consistent with this Order.
14 DATED:  January 7, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3